Yes your honor. So without further ado we could start with Mr. Olson's argument please. The case was set for 15 minutes per side so Mr. Olson if you want to make a rebuttal argument please try to stop before all 15 minutes is used up but if if you're in a jam on time and you need an extra minute or two I would grant that but we're not gonna have time for much more than an extra minute or two. Okay please proceed. Thank you your honor. May it please the court my name is Per Olson. I am counsel for the I given the time crunch you know I think I can make the points I want to make. I think it's the issues are pretty well briefed in the briefs and I want to certainly give an opportunity for the court to ask any questions that it has about my position on these matters. The main issue I'd like to discuss first of all are you hearing me okay? Yes. Okay thank you. The main issue I'd discuss is the trial court's denial of a Frank's hearing in this case. Now the Frank's case requires that the defendant make a substantial preliminary showing of material reckless or intentional false statements or material and reckless or intentional omissions before being entitled to an evidentiary hearing. Substantial showing does not mean that it's my burden at this point to to prove the statements. Rather it's just a threshold matter of determining is there enough there to allow me to get to the next stage of being able to question these these officers who were involved in putting together this this search warrant affidavit. Now we believe that we made that showing in two two respects and the issues sort of got filtered down a little bit by the time we got to oral argument before Judge McShane but the two key issues that we believe were entitled us to a Frank's hearing had to do with whether the search warrant affidavit accurately described this phone call this critical phone call between the informant and the defendant as being a unambiguous call relating to set up a drug transaction. So that's one issue and then the other issue had to do with the description in the search warrant affidavit regarding the informant's past history and her reliability as an informant that part was was in the affidavit in order to sort of bolster her credibility and veracity and so those were the two main issues that we were challenging the affidavit on. Now the description of the phone call may I ask you a question regarding the first item you listed you said that the description of the phone call had to characterize it as unambiguously calling for a drug transaction so what case says that the call must be unambiguously suggesting a drug transaction? No there is no such case your honor my point was that the affidavit described it as being unambiguous my point isn't that it has to be unambiguous my point was that the the affidavit kind of falsely portrayed it as being unambiguous and leaving really no question that this was a drug drug-related call and therefore really no question for the magistrate to to decide that this was probable cause. So is it your position that the the word unambiguous should have been removed? Well it's it's not in the word unambiguous is not in the affidavit my point my point is is that the the actual phone call as described by that phone call is going to be used as probable cause then the detective or whoever's authoring this the search warrant affidavit has to describe it accurately you know how it actually the phone call as it actually occurred and then provide some more information about why the officer or the affiant thinks that. Counsel what case are you relying upon to say that drug transaction that's arranged for in coded language has to be further explained what case says that? Well your honor there's I don't know if there's a specific case that says that but the the overarching principle that I'm trying to put forward here is that they can't they can't misconstrue they can't mischaracterize a phone call in a search warrant but what was it specifically in the in the wording that the judge read what specifically in the affidavit that was presented to the judge was misleading regarding the phone call? So the affidavit reads during the phone call during the phone conversation Thrasher agreed to sell CRI methamphetamine and arranged to meet CRI to purchase the methamphetamine the conversation this conversation corroborated the CRI's drug purchasing relationship with Ronald Wayne Thrasher so it's just that single sentence where it's describing it as an arrangement to meet to purchase methamphetamine whereas what should have that said then counsel? It should have said your honor it should have said that that the informant talked to Mr. Thrasher and said that that she wanted to meet him and wanted to see if they could meet up because this is how it's described in in Detective Wall's report and Thrasher advised that he was driving from Prineville towards Madras and was almost there and that they would meet up that's the essence of the phone call as it's described in Detective Wall's report it doesn't say anything methamphetamine there's no code word for methamphetamine used in in Detective Wall's presentation of the phone call if there's any code in there it was it was this phrase meet let's meet up or let's get together come see me which is not typically what we would regard as code in the sense of these types of drug related conversations for example they were talking about methamphetamine you might expect to see windows or ice or you know some of these commonly used code words to the extent there was a code word used the the CRI explained to Detective Wall that this is how she would order drugs this is what she would say let's meet up or can can I come see you but she's the only one that provides that interpretation she's the only one who says this is what that phone call means so it's not a situation where where an officer is reasonably using his expertise to decide what code mean what sort of code drug dealers use and then relaying that to the magistrate and allowing the magistrate to make the decision it's a situation where the informant herself is saying this is what this means and so which is problematic your honor because the whole point of this exercise the whole point of having her place this phone call is to corroborate is to corroborate her veracity their story of what she's saying about Mr. Thrasher being her drug supplier and therefore they could not just simply rely on her to explain to them what what she meant by let's let's meet up and so really the the problem with with this is that you know you know what they should have done then is is is described it exactly as how it had how it is set out in Detective Wall's report so that the magistrate can make his own determination and it was a male magistrate that's why I say that but make his own determination as to whether this phone call was sufficient and instead what the affiant did is just remove that usurp that role by saying we're going to decide for you this is this was a call regarding methamphetamine transaction and that's all there is to it so so that's that's that's the main issue with regard to that part of the affidavit and then the other part of the affidavit that we have a problem with is the part where there's a description of her past reliability now the thing about this particular informant is that she had previously been an informant for this very same agency that was now investigating her again and and Mr. Thrasher they had a file on her they knew there was a readily available source of information regarding her past reliability and we believe that that description of her reliability was deficient because it talked about the positives but it didn't talk about the negatives and there were a lot of negatives that we readily found during the course of our own investigation as we were preparing for this motion regarding this this informant and her past work for this very same agency she had created some positive results for them but there were at the end of the day she was no longer working for them because because she was not reliable and no one specifically said that but I think we were entitled to an evidentiary hearing so we could question these the the folks that had handled her before and question them about you know what they knew about her and what they whether they really thought she was all that reliable and so again it's it's a it's a it's a threshold question of getting to you know our task today and our task before Judge McShane at the time of this oral argument was not to prove that these were false statements but that there was enough there there was enough there that we showed to entitle us to at least get to the next stage of being able to question these detectives about about these matters about why they wrote the affidavit the way they did about what they really knew and what they should have known about this counsel yes I can interject for a minute I think I understand the first point you were making but on the second point I'm a bit in the dark because I thought the affidavit did make clear that she was like a lower level criminal like a drug dealer that she was involved in identity theft and other criminal matters so what is it that the what's the information that was left out that the magistrate needed to have on that point that wasn't provided there was some specific things about her past regarding like towards the end of her work as as an informant she got caught with some methamphetamine once and specifically said lied to a police officer about being currently on a code operation when she in fact was not and so there was like a specific lie that she told to an officer in order to sort of get out of that little bit of a jam that she had and there was also some her criminal history was set forth there but not all of it was set forth there and there was also a case of a gentleman that she she by the name of lewis curtis whose case sort of somewhat mysteriously was dismissed and no one seems to know why but I think we at least have some suspicion that she was determined to be unreliable at least that's a reasonable assumption and thanks counsel I think you answered my question all right so just just to sum up here again I the way this was the real really the concern here is how the defiant working together with the other agents that under the sort of the collective knowledge doctrine served up probable cause here on a silver silver platter to the magistrate you know there's no question if you just read the affidavit it establishes probable cause but I think they cut some corners in how they made some of their own conclusions about the nature of this phone call and how reliable this this informant was whereas what they really should have done is just laid out the facts laid out the truth the true state of the facts in a neutral manner and provide an opinion about probable cause but but leave it to the magistrate to decide that and that's not what happened here and so we would request that on this matter the matter be remanded back to the trial court for a frank's hearing I'll reserve my remaining time thank you counsel and now we'll hear from miss potter thank you may it please the court amy potter on behalf of the united states there's no reason to remand this case to the district court because the district court looked at both prongs of the frank's test and determined not only were there no intentional misrepresentations or omissions but that even if there were they weren't material specifically with respect to the informant in judge mcshane's 12 page order and this is at er 17 judge mcshane took every paragraph of the warrant and added in all the omissions that the defendant alleged were made he added them in and reached the conclusion that there was still probable cause in the affidavit he also looked carefully at the informant issue he had over 500 pages from the defense detailing every criminal act she committed that they could find from the theft of an mp3 player in an ipod to the identity theft conviction and he made a finding that those that the detectives had done needed to do and proved up and corroborated those stories the fact that the officers corroborated many of her statements compensated for general unreliability and that's judge mcshane's finding at er 24 and that's not clearly erroneous turning to the call judge mcshane looked at the wall report the wall report not only said what the call specifically contained the meetup but detailed that they were told it would be in code and that this was common in their training experience judge mcshane looked at that and concluded that the summary in the affidavit was reasonable that also is not clearly erroneous nor is judge mcshane's conclusion that the warrant had probable cause so judge mcshane properly denied the frank's hearing on that basis he made both findings going back to question the officers isn't going to change judge mcshane's materiality finding because he's done the work he did what the frank's hearing requires and he added in the omissions and found there was probable cause there are two other issues i know uh defense counsel didn't address them i'm happy to address them it has to do with the search of the vehicle and uh the service of the cell phone tracking if the court has no questions um i can rest on my briefs all right well thank you thank you yes thank you i was just gonna say i have no questions and i see none from my colleagues so mr olson you could do rebuttal and mr olson your honor if you would please address the second prong of the the frank's test the materiality your honor just on the materiality like for example with this phone call um if if the court were to conclude that this this the description of the phone call in the search warrant affidavit is is false and it was made false intentionally or recklessly then the remedy would be to strike that sentence altogether and so that takes out the description of the phone call altogether and and so uh and there that's that's how did i lose you did judge mccain do that analysis that's i don't think that's how he did it no he didn't he didn't do he asked with respect to the phone call he didn't say that the phone call was he didn't i don't believe he reached the materiality decision with respect to the phone call with a phone call he said that um he looked at the wall report and concluded that from the wall report because it had information in there about how the informant um described this phone call and said it was in in code he said that from that from that report therefore he cannot conclude that um the the affiance uh was intent intentionally misleading or reckless with respect to the truth i don't believe he reached the materiality conclusion with respect to the phone call um and if he had i mean if if you know the remedy would have been not correcting um you know putting it putting inserting in the accurate description it would have been striking that that that sentence altogether from what what's your best case that says that if if that sentence was inaccurate the remedy is to strike the sentence rather than correct the inaccuracy your honor i believe that's right in frank's um i believe that's straight out of the frank's um and if frank's doesn't say that i'm sorry i don't have another case right here but um i believe that any number of the cases that follow from frank's um uh establish that uh you can't begin and the reason for that is that you know you can't insert something that that violates the four corners rule uh so if you strike something you can't put something in that the government you know they can't give the government an opportunity to correct it by adding something that was not there in the first place okay thank you thank you that's that's all i have thank you well i want to thank both council for their advocacy it's a big help to the panel and professor case shall now be submitted and the parties will hear from us in due course
judges: GOULD, RAWLINSON, Zipps